ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
|! This matter stems from a motion to renew probation filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Robert A. Liptak, an attorney licensed to practice law in Louisiana.
*141 UNDERLYING FACTS
On June 6, 2002, the disciplinary board accepted a petition for consent discipline and publicly reprimanded respondent for neglecting a bankruptcy matter, failing to communicate with his client, and failing to properly supervise his non-lawyer assistant. Respondent was also placed on supervised probation for twelve months, subject to the conditions specified in the petition for consent discipline, including the requirement that respondent enter into a contract with the Lawyers Assistance Program (LAP) and attend the Ethics School program administered by the Practice Assistance and Improvement Committee of the Louisiana State Bar Association (LSBA). On May 30, 2002, respondent entered into a two-year contract with the LAP.[1] On October 11, 2002, respondent attended an “Ethics and Professionalism” seminar sponsored by the LSBA, believing this satisfied the Ethics School condition of his probation.
Meanwhile, due to an oversight by the disciplinary board, respondent was not appointed a probation monitor until September 11, 2003, when Stephen Chiccarelli was appointed. Respondent’s probation plan was not filed until March 22, 2004. According to the probation plan, respondent’s probationary period commenced on January 1, 2004 and ended on January 1, 2005. On July 1, 2004, the board appointed W. Brett Mason to serve as respondent’s probation monitor after Mr. Chiccarelli was appointed to serve as a member of a hearing committee. On November 18, 2005, Mr. Mason informed the ODC that although respondent “has been responsive to requests for information and participated in periodic meetings,” the terms of the probation plan were not satisfied. Specifically, Mr. Mason reported that he had not received a copy of respondent’s LAP contract or verification of respondent’s attendance at Ethics School.
DISCIPLINARY PROCEEDINGS

Motion to Renew Probation

On January 12, 2006, the ODC filed a motion to renew respondent’s probation for a period of up to two years. In support of the motion, the ODC cited respondent’s failure to attend Ethics School and his failure to enter into an LAP contract during the period of probation.

Board Panel Hearing

A hearing was conducted before an adjudicative panel of the disciplinary board on January 26, 2006. The ODC submitted documentary evidence in support of its case and called Kim Armato, the board’s appellate clerk, to testify before the panel. Respondent also submitted documentary evidence and testified on his own behalf.
The parties also filed a joint stipulation, stipulating to the following pertinent facts:
1) On September 11, 2003, the disciplinary board appointed Stephen Chic-carelli to serve as respondent’s probation monitor. On March 22, 2004, Mr. Chiccarelli filed a probation plan with the board. The probation plan included respondent’s agreement to abide by the conditions of probation imposed by the board, including having in place a recovery agreement with the LAP during the term of probation and attending Ethics School.
2) Prior to Mr. Chiecarelli’s appointment and the filing of the probation *142 plan, on October 11, 2002, respondent attended an “Ethics and Professionalism” seminar sponsored by the LSBA in New Orleans.
3) Respondent and, apparently, Mr. Chicearelli harbored the belief that respondent’s attendance at the LSBA’s “Ethics and Professionalism” seminar satisfied respondent’s obligation to attend and successfully complete the Ethics School program administered by the LSBA’s Practice Assistance and Improvement Committee.
4) On July 28, 1999, respondent entered into a two-year recovery agreement with the LAP. On May 30, 2002, respondent entered into a second two-year recovery agreement with the LAP. He remained involved with the LAP through June 2004.
5) On July 1, 2004, following Mr. Chic-carelli’s resignation as respondent’s probation monitor, the disciplinary board appointed Brett Mason to serve as respondent’s probation monitor.
6) On November 18, 2005, Mr. Mason filed his final report, stating that (a) he continuously maintained contact with respondent and monitored his progress; (b) respondent had been responsive to requests for information and participated Lin periodic meetings; and (c) respondent nonetheless failed to fully comply with the conditions of his probation because he failed to enter into a recovery agreement with the LAP and failed to attend Ethics School. Accordingly, Mr. Mason recommended that respondent’s probation be extended until January 1, 2007 to allow respondent an opportunity to enter into a recovery agreement with the LAP and to attend Ethics School.
7)On December 2, 2005, respondent attended and successfully completed the Ethics School program sponsored by the LSBA’s Practice Assistance and Improvement Committee.

Disciplinary Board Recommendation

After considering the evidence presented at the hearing, the disciplinary board found that due to its own error, a probation monitor was not assigned to respondent until September 2003. Therefore, a probation plan was not filed with the board until March 2004. Pursuant to Supreme Court Rule XIX, Appendix C, probation does not technically begin until a signed probation plan is filed with the board. The second LAP contract and the formal probationary period overlapped by about two months. Technically, respondent did not have an LAP contract in place for ten months of the probation plan. According to the stipulation, respondent successfully completed the Ethics School program on December 2, 2005. Technically, respondent did not complete Ethics School during his probationary period. However, according to the stipulation, respondent and his first monitor misunderstood what was meant by “Ethics School” and believed that ethics and professionalism courses were satisfactory.
Based on these findings, the board determined that although there are technical problems with the completion of certain probation requirements, respondent appears to have met the spirit of the probation plan by completing Ethics School and entering into two LAP contracts. The board further determined that had a probation monitor been more timely appointed and the probation plan approved, the timing of respondent’s second LAP contract may have been more in line with the probationary period. Likewise, the board found that the delay in completing Ethics *143 School appears to stem from an innocent misunderstanding by respondent and his first probation monitor. Furthermore, the ODC has not raised any harm caused by respondent’s late completion of Ethics School or the early completion of the LAP contract.
Accordingly, the board determined the ODC failed to prove by clear and convincing evidence that respondent failed to meet the conditions of his probation and, therefore, recommended that the motion to renew probation be denied. The board also recommended that the ODC be assessed with the expenses of this proceeding.
The ODC filed an objection in this court to the disciplinary board’s recommendation.
DISCUSSION
This case involves strictly technical violations of respondent’s probation plan which were precipitated by the disciplinary board’s failure to timely appoint a probation monitor. We will not penalize respondent for the board’s error, given that he has in fact attended the correct Ethics School program and has successfully complied with the requirements of two LAP contracts. The ODC offered no other evidence to show that an extension of respondent’s probationary period is necessary.[2]
Accordingly, we will accept the disciplinary board’s recommendation and deny the ODC’s motion to renew probation.
DECREE
For the reasons assigned, the motion to renew probation filed by the Office of Disciplinary Counsel against Robert A. Liptak is denied.

. Respondent had previously contracted with the LAP for two years commencing on July 28, 1999.

. At the hearing before the disciplinary board, the ODC attempted to offer evidence of three disciplinary complaints recently filed against respondent to show that he needs further monitoring. All three complaints are still being investigated, and consequently it has not yet been determined whether any of the complaints has merit. The board properly refused to consider this evidence in connection with the motion to renew respondent’s probation. Rather, the ODC should continue its investigation of those matters and thereafter file formal charges, if appropriate.